AARON M. CLEFTON, Esq. (SBN 318680)
PAUL L. REIN, Esq. (SBN 43053)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ANISSA FERNANDES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANISSA FERNANDES,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLIED SCHOOL, LLC; COLIBRI REAL ESTATE, LLC<br><br>    Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff ANISSA FERNANDES complains of Defendants ALLIED SCHOOL, LLC; COLIBRI REAL ESTATE, LLC, and alleges as follows:

**INTRODUCTION**

1.    Plaintiff ANISSA FERNANDES is one of the estimated 35,000,000 Americans who suffer from hearing loss to such a degree that it impacts their ability to understand and comprehend the spoken word. Plaintiff is a "person with a disability" who requires public accommodations to provide effective communication so that she can achieve equal access to the services provided.  On or about July 5, 2022, Plaintiff was denied her rights to full and equal access at the Allied Real Estate School because she was denied effective American Sign Language (ASL) translation so that she could understand and participate in a real estate agent

1  training and education course offered by Defendant.  She was denied his civil rights under both
2  California law and federal law, and continues to have his rights denied, because of Defendants'
3  policies and refusal of its duty to reasonably accommodate disabled persons.

4      2.   Plaintiff ANISSA FERNANDES ("Plaintiff") brings this action against
5  Defendants ALLIED SCHOOL, LLC and COLIBRI REAL ESTATE, LLC, which offer online
6  education courses under the name Allied Real Estate (also hereinafter "Allied"). Defendants offer
7  both pre-licensing and continuing education courses for aspiring and already licensed real estate
8  agents.  Plaintiff wanted to take pre-licensing course from Allied Real Estate to assist her in
9  obtaining her real estate license which began on July 5, 2022.  Plaintiff is deaf, and she
10 communicates using ASL as her first language.  English is her second language.  In order to
11 complete the courses, Plaintiff requested that Defendants provide her with an ASL interpreter so
12 that she can understand the material being taught and could participate in the class.  However,
13 Defendants denied Plaintiff's reasonable accommodation request that she be provides an ASL
14 interpreter throughout the course.  As a result of Defendants' failure to accommodate Plaintiff,
15 she was unable to take the course beginning on July 5, 2022, and she is deterred daily from taking
16 any courses with Allied Real Estate as well as her real estate licensing exam.  Plaintiff therefore
17 alleges that Defendants have violated of the Title III of the Americans with Disabilities Act, 42
18 U.S.C. sections 1201, *et seq.* and California's Unruh Act, Cal. Civ. Code section 51, *et seq*.

19     3.   Plaintiff wishes to become a licensed real estate agent, but before she takes the real
20 estate licensing exam, Plaintiff would like to complete an exam preparation course.   Allied Real
21 Estate School is advertised as the "No. 1 choice for aspiring California real estate agents," so
22 Plaintiff wants to take a preparation course at the school given its reputation.  Allied offers both
23 online self-paced preparation classes and livestream courses.  Plaintiff feels that the benefit of a
24 live stream course would be invaluable for her preparation for the real estate licensing exam
25 because it would allow her to ask questions in real time to an expert as well as receiving the
26 benefit of hearing the questions that other students during the class and the answers to those
27 questions.

28     4.   Allied Real Estate School offers live stream courses that begin at various times

2

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

throughout the year. Plaintiff wanted to start her course on July 5, 2022. She contacted Allied in June of 2022 to request the accommodation of having an ASL interpreter available to her during the class. After multiple emails and phone calls between Plaintiff and Defendants' employees. Defendants offered Plaintiff the accommodation of providing live transcription for the class instead of an ASL interpreter. However, as Plaintiff explained to Defendant, live transcription is not appropriate accommodation for her because her first language is ASL not English. Processing written English of live transcription as quickly as would be necessary to understand the complex concepts that are taught in the exam preparation course is not possible for Plaintiff. It would not give her meaningly or full and equal access to the course as required by law. Additionally, live transcription would limit her ability to interact with the instruction and other members of the class because the transcription would always follow behind the rest of the class interacting with the teacher. Communicating via ASL is the only way for her to participate as fully as the other members of the class. Defendants told Plaintiff that they could not provide her with an ASL interpreter and would not be able to assist her.

5. Plaintiff is unable to complete the examination preparation course for her real estate licensing exam without an ASL interpreter for the class. She will be at an extreme disadvantage in the real estate licensing examination if she is unable to complete a preparation course. Defendants' denial of Plaintiff's requested accommodation has set back her plans to become a licensed real estate agent indefinitely, causing her economic disadvantage, difficulty, embarrassment and discomfort.

6. Plaintiff seeks declaratory and injunctive relief to compel Defendants ALLIED SCHOOLS, LLC and COLIBRI REAL ESTATE, LLC to provide accommodations to disabled students who need them, including providing ASL interpreting services for deaf students in live stream online courses. Plaintiff also seeks recovery of damages for his discriminatory experience and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible policies. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

7. This discrimination on the basis of disability by Defendants have caused Plaintiff

3

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

great embarrassment, difficulty and financial hardship including delaying her ability to obtain her real estate license. The denial of Plaintiff's needed accommodations threatens her with irreparable harm to her career and professional development.  Defendants' discriminatory actions are preventing Plaintiff from obtaining her real estate license and pursing her chosen career.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55.

9. Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the policy discrimination which is the subject of this action and the locale of Plaintiff's discriminatory treatment is located in this district and that Plaintiff's causes of action arose in this district.

10. This case should be assigned to the Sacramento intradistrict as the policy discrimination which is the subject of this action occurred in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

11. Plaintiff ANISSA FERNANDES is deaf.  She was born profoundly deaf in both ears.  Plaintiff communicated exclusively using ASL.  Plaintiff's hearing loss substantially limits a major life activity - hearing, including her ability to comprehend speech.  Plaintiff has learned to read English, but ASL is her first language. Plaintiff reads slowly, and it takes all of her concentration to read for comprehension of complex ideas.

12. Defendants ALLIED SCHOOL,  LLC and COLIBRI REAL ESTATE, LLC are large for-profit education institute which offer online courses, including real estate license exam preparation courses. Defendants offer test preparation courses related to credentialing exams for professional purposes within the meaning of 42 U.S.C. § 12189 and 28 C.F.R. § 36.309. Plaintiff is informed and believes Defendants performed all acts and omissions stated herein which

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

proximately caused the damages complained of. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee, or representative of each of the other Defendant, and each performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

13. Allied Real Estate is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of multiple categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*

## FACTUAL STATEMENT

14. Plaintiff wants to take the real estate licensing exam in California so that she can sell homes to clients and potentially more easily purchase investment properties for herself. Prior to signing up for and taking the real estate licensing exam, Plaintiff wants to take an exam preparation course. After researching potential courses and speaking with friends who are in the real estate business, Plaintiff determined that she wants to take the examination prep course from Allied Real Estate School given its high esteem and reputation. Her contacts in the industry and her personal research have informed her that Allied provides the best and most comprehensive review course.

15. Plaintiff reviewed the Defendants' class offerings and schedules online, and she determined that the live stream class beginning on July 5, 2022, would work best for her study needs and schedule.

16. At the beginning of June, Plaintiff contacted Defendants to request an ASL interpreter for the class. Plaintiff called Defendants' customer service department, and she was eventually transferred one of Defendants' employee's named Robyn. Plaintiff explained to Robyn that she wanted to sign up for the CA Live Stream Class offered by Defendants beginning on July 5, 2022. She also told Robyn that she is deaf and requested that Defendants provide her with an ASL interpreter for the class so that she could fully understand and participate in the class. Robyn told Plaintiff that she would check on her requested accommodation and get back to

1   her.

2   17.   On June 7, 2022, Robyn sent Plaintiff an email stating "We do not have an
3   interpreter for our livestream courses.  Students in the past have had to use their own."

4   18.   Plaintiff was extremely disappointed by Defendants' response.  She knew that
5   having an ASL interpreter was the only way that she could have a complete understanding of the
6   materials taught in the live stream course.  She contacted a friend to assist her in communicating
7   with Defendants further about her requested accommodation of an ASL interpreter.

8   19.   On June 24, 2022, Plaintiff and her friend who could interpret for Plaintiff called
9   Defendants to discuss the situation.  They spoke with Garret, one of Defendants' employees.
10  Plaintiff again explained that she would like to take Defendants' live stream course which
11  prepares candidates to take the California real estate licensing examination but that she needed an
12  ASL interpreter in order to understand the class content and participate in the class. Garret told
13  Plaintiff he would check with the company about Plaintiff's request for accommodation and get
14  back to her within 24 hours.

15  20.   Garret did not call Plaintiff back, so she and her interpreter called Garret back on
16  June 28, 2022.  On the second call Plaintiff explained the requirements of the Americans with
17  Disabilities Act and why she needed an interpreter.  Garret again told Plaintiff that he would
18  check on the availability of ASL interpreters for the live stream class.

19  21.   On July 1, 2022, Garret called Plaintiff's interpreter.  Garret told Plaintiff's
20  interpreter that Defendants could not offer an ASL interpreter, but Defendants were willing to
21  offer the accommodation of live transcription.  Plaintiff's interpreter asked Plaintiff if she could
22  accept live transcription as an alternative to an ASL interpreter.  Plaintiff, through her interpreter,
23  informed Garret that live transcription would not work for her for this live stream class.  Plaintiff
24  explained that she has been deaf since birth, and therefore her first language was ASL not
25  English.  Although she is able to read English, she reads slowly, and her comprehension is not
26  100% accurate especially with complex concepts such as those that will be taught in the live
27  stream real estate licensing exam preparation course.  It would put Plaintiff at a very significant
28  disadvantage if she had to read the transcription and attempt to take notes during the class.

Plaintiff also explained that she would not be able to participate in the class in the same manner as other students, i.e. asking questions, with live transcription rather than an ASL interpreter.

22. Garret told Plaintiff that he would discuss Plaintiff's renewed request for an ASL interpreter with his supervisor and call her back.

23. Plaintiff did not receive any contact from Garret or another employee of Defendants. On July 5, 2022, the day the class was supposed to begin, Plaintiff's interpreter called Garret again and left him a voicemail requesting an update on the status of Plaintiff's request for accommodation.

24. On July 7, 2022, Plaintiff and her interpreter called Garret again. Plaintiff told Garret that even though the class she had originally wanted to take had already begun, she still wanted to enroll in a live stream class with Allied Real Estate School. Plaintiff said she was willing to sign up for a later class, beginning on August 2, 2022, if Defendants needed more time to find an interpreter. Garret agreed to discuss Plaintiff's requested accommodation with his supervisor again.

25. On July 13, 2022, another of Defendants' employees called Plaintiff's interpreter and told him that Defendants would not provide an ASL interpreter for Plaintiff.

26. This practice by Defendants runs afoul of the ADA. Supporting regulations of the ADA clearly states that "Any private entity that offers examination or courses related to applications, licensing, certification or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or shall offer alternative accessible arrangements for such individuals." 28 C.F.R. § 36.309(a).

27. Defendants have failed to offer its course related to licensing in a manner accessible to Plaintiff because they refuse to provide her with an ASL interpreter during the course.

//

//

//

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**FIRST CAUSE OF ACTION:**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq.***

28. Plaintiff re-pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporate them herein as if separately re-pleaded.

29. As a public accommodation which provides courses related to licensing certifications such as real estate licensing, Allied is obligated to adhere to Title III of the ADA, which prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

30. Title III specifies that unlawful discrimination includes, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

31. Title III further requires "any person that offers examination or courses related to applications, licensing, certification, or credentialing, for secondary or post-secondary education, professional, or trade purposes" to "offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189; 28 C.F.R. §36.309(a).

32. Under the ADA any private entity that offers courses such as those offered by Allied "must make such modifications to that course as are necessary to ensure that the place and manner in which the course is given are accessible to individuals with disabilities." 28 C.F.R. § 36.309(c)(1).

33. Further, any private entity that offers courses such as those offered by Allied "shall provide appropriate auxiliary aids and services for persons with impaired sensory, manual, or speaking skills, unless the private entity can demonstrate that offering a particular auxiliary aid or

service would fundamentally alter the course or would result in an undue burden.  Auxiliary aids and services…may include taped texts, interpreters or other effective methods of making orally delivered materials available to individuals with hearing impairments." 28 C.F.R. § 36.309(c)(3).

34.     Plaintiff requires the auxiliary aid or service of an ASL interpreter for Defendants' live stream course in order to understand and fully participate in the course just as other nondisabled students can.  Without this accommodation, the course is not accessible to Plaintiff.

35.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

36.     Granting Plaintiff's requested accommodation for an ASL interpreter for the Allied live stream real estate licensing test preparation course would not impose a fundamental alteration or undue burden on Defendant, but it would even the playing field and allow Plaintiff to be take the course in a manner which is accessible to Plaintiff and would provide her with the most similar experience as her nondisabled peers. According to online information, Allied School enjoys an annual revenue of over $7,000,000 per year with over 437 employees nationwide.  By contrast the cost of an ASL interpreter ranges from $45/hr. to $150/hr. depending on the location and experience level of the interpreter.

37.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

38.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

39. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause

(iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

40. Pursuant to 28 C.F.R. section 36.303

> A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense.

41. In violation of Plaintiff's right to be free from disability-based discrimination, Defendants have adopted a policy of denying deaf students from fully participating in its test preparation courses.

42. Defendants' conduct constitutes an ongoing and continuous violation of Title III of the ADA and its supporting regulations. Unless restrained from doing so, Defendants will continue to violate the ADA. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

43. Unless the requested relief is granted, Plaintiff will suffer irreparable harm in that she will continue to be discriminated in the access to real estate licensing prep courses provided by Defendant, causing delay to her career as a real estate agent with difficult to measure consequences. The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 12188(a)(1).

44. The removal of each of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges,

advantages and accommodations through alternative methods that were "readily achievable."

45. On information and belief, as of the date of Plaintiff's encounters with Defendants and as of the filing of this Complaint, Defendants' actions and policies denied and continue to deny full and equal access to Plaintiff and to other disabled persons, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

46. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from taking Defendants' real estate licensing exam preparation course and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

47. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff ANISSA FERNANDES is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. *Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title*. [Emphasis added.]

48. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff ANISSA FERNANDES is a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use or attempt to use the service of Allied Real Estate School, in light of Defendants' policies barriers.

49. Plaintiff seeks reasonable attorney fees, litigation expenses and costs pursuant to 42 U.C.S section 12205.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

50. Plaintiff re-pleads and incorporate by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 49 of this Complaint and incorporate them herein as if separately re-pleaded.

51. At all times relevant to this complaint, California Civil Code § 51 has provided that disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b).

52. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

53. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may

be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

54. Further, any violation of the Americans with Disabilities Act of 1990 (as pleaded in the First and Second Causes of Action) constitutes a violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code § 52. Per Civil Code § 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

55. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory, compensatory, and treble damages to Plaintiff, according to proof.

56. Plaintiff is a person with disabilities under California Civil Code Section 51, *et seq*.

57. California Civil Code § 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of §§ 51 and 52.

58. Defendants are business establishments as that term is used in California Civil Code § 51(b).

59. Defendants have and continue to violate the Unruh Civil Rights Act by denying Plaintiff full and equal access to the real estate licensing examination test prep courses it offers.

60. As a proximate result of the unlawful acts described herein, Plaintiff has suffered and continues to suffer injury.

61. Defendants' unlawful actions were and are intentional, willful, malicious and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on her disabilities.

62. Plaintiff is entitled to injunctive and declaratory relief, including emergency relief, compensatory damages, and attorneys' fees and costs. Plaintiff needs and is entitled to extraordinary relief in order to take the real estate licensing examination prep course offered by Defendants as soon as possible with her requested accommodations in place.

63. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

64. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 63, above, and incorporates them herein by reference as if separately repled hereafter.

65. Plaintiff ANISSA FERNANDES and other similarly situated disabled persons who are deaf are protected against policy discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or

15

resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

66. Defendants made the decision to knowingly and willfully exclude Plaintiff from full and equal access to its public accommodation and thereby deny Plaintiff her right of use of its place of business by having a policy of refusing to serve disabled persons who are deaf and need ASL interpretative services even when such a reasonable accommodation for effective communication is requested and does not create an unreasonable burden. As a result of that policy, Plaintiff has faced the continuing discrimination of being barred from using this public accommodation and place of business. Plaintiff has continued to suffer denial of access to these facilities and faces the prospect of unpleasant and discriminatory treatment should she attempt to take a class from Defendants in the future. Plaintiff is unable patronize the Allied Real Estate School until she receives the protection of this Court's injunctive relief, and she has continued to suffer discrimination on and since July 5, 2022, all to her statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3.

67. Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

68. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein, including policy discrimination, which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled due to hearing impairments from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole basis that he is a person with disabilities who requires the requires public accommodations to provide effective

communication and reasonable modifications of their policies and practices, and may need reasonable assistance to use the services of the facilities.

69. Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot patronize Allied Real Estate School and its facilities and is deterred from further patronage until these policy barriers are removed and the facilities are made properly accessible for disabled persons, including Plaintiff and other deaf persons. Plaintiff wants to get her real estate license, but she does not want to take the examination until she completes an examination prep course. Plaintiff would like to take the real estate licensing examination prep course offered by Defendants once Defendants' discriminatory policies have been changed and legally required access has been provided.

70. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible policies Defendants that she has personally encountered, and, as to all areas identified during this litigation. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). Plaintiff seeks preliminary and permanent injunctive relief from Defendants who currently owns and operates the Allied Real Estate School to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

71. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code section 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5

and other law, all as hereinafter prayed for.

72. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning and operating the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated.  Defendants' actions and omissions constitute discrimination against Plaintiff on the basis that she was and is disabled and unable, because of the policy-based barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  These violations have deterred Plaintiff from attempting to take classes at Allied Real Estate School and will continue to cause her damages each day these barriers to access continue to be present.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Anissa Fernandes prays for judgment and the following specific relief against Defendants:

1. A declaration that Plaintiff is entitled to reasonable accommodations in taking the live stream classes offered by Defendants that includes as ASL interpreter during the class;

2. An order enjoining Defendants, its agents, officials, employees, and all persons

acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. Grant all injunctive relief necessary to bring Defendants into compliance with the ADA and California law, including making a new policy that allows disabled persons to request and receive ASL interpreters during live stream classes;

    c. An order retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction;

3. An award to Plaintiff of all appropriate damages, including but not limited to statutory damages, general damages in amounts within the jurisdiction of the Court, all according to proof;

4. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

5. An award of prejudgment interest pursuant to Civil Code § 3291;

6. Interest on monetary awards as permitted by law; and

7. Grant such other and further relief as this Court may deem just and proper.

Date: January 5, 2023                                REIN & CLEFTON

                                                            */s/ Aaron Clefton*
                                                            By AARON CLEFTON, Esq.
                                                           Attorney for Plaintiff
                                                           ANISSA FERNANDES

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: January 5, 2023                                REIN & CLEFTON

                                                            */s/ Aaron Clefton*
                                                           By AARON CLEFTON, Esq.
                                                           Attorney for Plaintiff
                                                           ANISSA FERNANDES